LEWENTHALL, THOMPSON et al. vs. THE STATE.

1. TAX COLLECTOR: *Suit on bond. Liability of sureties.*

M., as tax collector, executed a bond September 4, 1872, and afterwards, on December 2, 1873, he executed another bond with different and new sureties, and the breach of the bond as alleged is, that he collected taxes and failed to pay them over, from January 1, 1872 to January 1, 1874. *Held*, that the sureties on the bond last executed are not liable for the taxes collected prior to the date of the bond executed by them. The sureties on the first and original bond are liable for the acts of the tax collector during the term of his office for which they remained on his bond, and until they were released by the execution of the new bond.

2. SAME: SAME: *County treasurer has no authority to employ counsel to bring suit against tax collector.*

The statute requires the county treasurer, in case of a defaulting tax collector, to notify the district attorney of the fact, and furnish him a certificate of the amount for which he has defaulted, and the district attorney shall bring suit, etc. Rev. Code, 1871, § 1727. The county treasurer has no authority to employ counsel to institute suit or proceedings against a defaulting tax collector for funds due his county.

ERROR to the Circuit Court of *Lincoln* County.

Hon. JAMES M. SMILEY, Judge.

The facts necessary to a full understanding of this case are set out in the opinion of the court.

The following is assigned for error, to wit:

1. In overruling motion to dismiss the suit because not authorized to be brought by board of supervisors or district attorney.

2. In sustaining demurrer to special plea filed by leave of the court.

3. In excluding testimony on the trial to show that the suit was not authorized by proper authority.

4. In overruling the objection of defendants to the introduction of the certificate of John Gartman, county treasurer, showing amount of indebtedness, on the ground that the certificate did not show whether the taxes were collected before or after the giving of the new bond sued on.

5. In giving judgment for plaintiff.

6. In overruling motion for new trial.

*Sessions & McNair,* for plaintiff in error: ·

The suit should have been brought by the district attorney. The employment of Chrisman & Thompson by the board of supervisors, as advising counsel, gave them no authority to bring this suit. Acts of 1872, p. 62. The state treasurer shall notify the district attorney, who shall bring suit, etc. Code, 1871, § 1725. Like proceedings by the county treasurers. Code, 1871, § 1727. The county treasurer shall cause suit to be brought. Code, 1871, § 271. The board of supervisors shall have power to employ counsel, etc. Code, 1871, § 1385, p. 278. The certificate of the county treasurer should not have been admitted as evidence. It did not show that the taxes unaccounted for had been collected since the execution of the new bond, the one sued on. The defendants are not liable for the defalcation of Moore (the collector), accruing prior to the time they became his sureties. The bond cannot have a retrospective effect. If after these appellants became liable on the bond, Moore faithfully collected and paid over the taxes, then he has faithfully complied with the law during their suretyship, and they are not liable to be sued. If he collected and misapplied money while the old bond was still in force, the first sureties are responsible, and the certificate of the county treasurer does not show when these funds were collected, and when the defalcation occurred, and it was not proper evidence to show their liability. A surety cannot be held beyond the precise terms of his agreement. Walsh *v.* Bailie, 10 Johns., 180; United States *v.* Giles, 9 Cranch, 212; Myers *v.* United States, 1 McLean, 493.

*G. E. Harris,* Attorney General, for defendant in error.

1. The suit was instituted by Chrisman & Thompson, attorneys at law, who had been employed by the board of supervisors of Lincoln county, in May, 1874, for one year, at a statute salary of $225, and under this employment the suit was brought in August, 1874. But it is said that under this contract, they could not bring

this suit for the county at the instance of the county treasurer. The board acted under the authority conferred by the act of February 7, 1872 (pamphlet acts, p. 62, 63), and to which I invite the attention of the court. Although they are employed only for general advice, if they consent to bring suit for the county at the instance of the county treasurer, surely the defendants have no right to complain. It is true it is made the duty of the district attorney to bring the suit when notified by the treasurer. Rev. Code, 1871, §§ 1725–1727. But the code did not stop here, § 1385 is explicit and seems to be conclusive.

2. The point raised by the plea is that there is no law requiring a tax collector to execute a bond as such. This question is no longer open. See Byrne v. The State, 50 Miss., 688.

3. This assignment of error is considered under the head of the first.

4. As to the introduction of the certificate of the county treasurer, the court had no power to reject it, because it is made competent evidence by the law. Rev. Code 1871, §§ 271, 1725, 1727, and if the defendants are entitled to any credits, it is competent for them to prove the facts entitling them to it.

SIMRALL, J., delivered the opinion of the court.

Suit was brought by the county treasurer of Lincoln county against sureties of Moore as tax collector, on his bond, dated the 2d of December, 1873. Prior to that, on the 4th day of September, 1872, Moore had given bond with F. Heilman and L. E. Mathews, as sureties. At the November session of the board of supervisors in 1873, an order was made directing Moore to appear before the board on the 1st of December, and either show that his sureties are good, or give "other and sufficient security." On the 2d day of that month, another bond was executed with the defendants Lewenthall, Thompson, Hoskins, and Bennett as sureties. The condition is "that Moore shall faithfully perform and discharge all the duties of the said office of tax collector during his continuance therein," etc.

The breach alleged is, that Moore continued to be tax collector from the 1st January, 1872, until the 1st of January, 1874, and whilst so in office, collected and failed to pay over to John Gartman, the county treasurer, etc., or to his predecessors, divers sums of money, which were regularly collected by him. Then follows a statement of several amounts on account of the taxes of 1873, amounting in the aggregate to the sum of $846.61.

On the trial, against the objection of the defendants, a certificate of Gartman, the treasurer, setting forth the amounts collected by Moore for the several funds of the county of the taxes of 1873, was admitted in evidence. The specific exception to the competency of the evidence was that it did not show when the money was collected ; whether before or after Moore had given the second bond with defendants as sureties. Gartman, the county treasurer, testified that he did not know "whether the amounts shown to have been collected and unpaid by his certificate were collected before or after the execution of the new bond."

The questiom made, the competency of Gartman's certificate as evidence, will be considered in connection with Gartman's testimony explanatory of it. Both together present the subject on its intrinsic merits. The undertaking of the sureties is that Moore shall faithfully perform his duties as tax collector, not that he has done so. Their obligation relates to the future and not the past. The words, "shall faithfully perform," etc., *ex vi termini*, import that from the date of the bond (the 2d December, 1873), the principal will faithfully discharge his official duties. The obligation of the sureties cannot be enlarged to include liabilities for malfeasances or misfeasauces not embraced in the meaning of the terms used. The undertaking is not for the official conduct of Moore, since his term began in 1872. Nor can it be extended beyond the plain intendment of the words of the condition, unless there be some statute that affixes to such a bond, a retrospective operation for official misbehavior. The obligation of the surety is a matter of strict law and never arises from implication.

Turning to the code, we find these provisions: When the

sureties, or any of them on the bond of a county officer, shall become insolvent, the board of supervisors shall immediately take steps to have a new bond given, " with other good and sufficient security in a penalty equal to that of the former bond, and with the like conditions," etc.     § 315.

The next section, 316, gives a remedy to the surety. " When he shall conceive himself in danger, he may be relieved when the officer gives the new bond and is discharged from further liability. He is liable for the conduct of the officer up to the time the new bond is given." The language is :

" The former sureties or surety shall be discharged from further liability    *    *    after the giving of such new bond."

It is manifest that these sections do not contemplate that the " new bond " covers past delinquencies. The last section is specific, that the first bond stands as a security for performance of official duty until the new bond is given. Section 315, under which the bond in suit was taken, requires that it should be in the same penalty and with the like conditions as the first. As we have already seen, such a condition is an indemnity for the future and not the past acts of the officer.

In Myers v. United States, 1 McLean, 495, the facts were almost precisely like those in this case. Wilson, the receiver, had been required to give a new bond, and the question was, whether the last bond was a security for a prior defalcation : *Held*, that the sureties were only liable for defalcations after the date of the bond.

To apply this authority, and the views before expressed, to the questions under consideration, it is plain, first, that these defendants, sureties on the second bond, are only liable for the taxes collected by him after the 2d of December, 1873. For taxes collected prior to that date, the sureties on the first bond are responsible.

The certificate of Gartman, county treasurer, is competent evidence in this case. See Code, —, for the purpose of showing what it purports to set out — the amount of taxes of the year

1873, collected by Moore, and not paid over. But it was incumbent on the plaintiff to have proceeded further, and have pointed out by other testimony, what portion of these collections were made prior to the 2d of December, 1873, and what part after that date. The defendants are only liable for the misconduct of the tax collector after they undertook for his good conduct. The proof left it uncertain whether the liability was upon the parties to the first or second bond. The testimony fails to show that Moore collected the money after the 2d of December, 1873, and comes short of establishing a liability on the plaintiffs in error. On this ground, there was error in the finding, and judgment by the court.

The question was raised in two or more forms, as to the right of the county treasurer to employ counsel and bring this suit.

First, by a suggestion or preliminary motion for rule on the attorneys, to produce their authority; and, also, by an offer of testimony on the trial, that they were not retained by the board of supervisors.

Section 1725 of the Code makes it the duty of the auditor of public accounts to notify the district attorney, that the tax collector has failed to pay money in to the treasurer, * * and the district attorney shall forthwith commence suit on his bond.

Under section 1727, like proceedings shall be instituted by the district attorney for nonpayment of county taxes on notification by the county treasurer * * etc.

Section 271. In the event, the tax collector fails to pay money into the county treasury, the county treasurer shall cause suit to be brought against the collector and his sureties on his bond.

Section 1385 confers power on the boards of supervisors, in their discretion, to employ counsel in all civil matters in relation to state and county taxes to conduct the proceedings, instead of the district attorney, and to pay such counsel out of the county treasury.

Construing these several provisions together, so as to make them harmonize and have effect, we suppose that it is made the

official duty of the district attorney (without special compensation) to institute suit against the tax collector and his sureties for a failure to pay into the county treasury money collected, and the duty is enjoined upon the county treasurer to furnish him with a certificate of the amount not paid in, and to notify the district attorney to bring suit. This certificate is made competent evidence of the amount due the county by section 271, just as the certificate of the auditor of public accounts is competent evidence under section 1725. The words and the text of the statutes are satisfied by construing section 271, as directing the county treasurer to prepare the certificate and notifying the district attorney to sue. But section 1385 lodges in the board of supervisors a discretion to employ counsel to bring such suits and pay them out of the county treasury.

That discretion is not confided to the county treasurer; he cannot, when necessity to sue arises, pretermit the district attorney and employ other counsel and commit the county to the payment of counsel fees. Nor does the act of 7th of February, 1872, (pamphlet, pp. 62, 63) repeal any of the foregoing sections. It authorizes the boards of supervisors to employ "an advisory attorney * * at a stated salary per annum, not to exceed $300, * * for objects of general advice as to current matters in the administration of the affairs of their respective counties." The object of this statute was not abolish the previous law, making it the duty of the district attorney to bring such suits as this, unless the boards of supervisors specially retain counsel so to do. We conclude that the treasurer had no authority to retain special counsel to bring this suit, and that the attorney, not having been employed by the board of supervisors, it should have been brought by the district attorney. The board of supervisors should adopt the suit, and the act of the treasurer in bringing it; the circuit court would entertain the suit.

Judgment reversed and cause remanded.